UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BRIAN JOHN KARRIS, #12A5656,

                Plaintiff,

        -against-

RAY VARULO, Assistant District Attorney,
GARY J. WEBER, Honorable Judge, and
THOMAS J. SPOTA, III, District Attorney,

                Defendants.
----------------------------------------------------------------X

MEMORANDUM AND ORDER
14-CV-1077(SJF)(GRB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 10 2014 ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

I.    Introduction

On February 18, 2014, incarcerated *pro se* plaintiff Brian J. Karris ("plaintiff") filed a complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Suffolk County Assistant District Attorney Ray Varulo ("ADA Varulo"); the Honorable Gary J. Weber ("Judge Weber"), former acting Justice of the Supreme Court of the State of New York, County of Suffolk; and Suffolk County District Attorney Thomas J. Spota, III ("D.A. Spota") (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. On February 26, 2014, plaintiff filed an amended complaint against the same defendants, accompanied by another application to proceed *in forma pauperis*.

Since plaintiff's financial status, as set forth in his declarations in support of his applications to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), his applications to proceed *in forma pauperis* are granted. However, for the reasons set forth below, the amended complaint is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) on the basis that it seeks monetary relief against defendants who are immune from such relief.

II. Plaintiff's Claims

In his amended complaint, plaintiff alleges that he was falsely arrested on June 28, 2010; wrongfully indicted for assault in the first degree and attempted robbery in the first degree; and incarcerated for over two (2) years on a four hundred thousand dollar ($400,000.00) bond until he was acquitted, following a bench trial before Judge Weber, on January 14, 2012. (Am. Compl. at ¶¶ 6, 7). According to plaintiff, defendants "maliciously prosecuted th[e] bench trial even though 'on record' [he] wanted [a] jury trial * * *." (Am. Compl. at ¶ 6).

Plaintiff claims to have suffered "mental health psychosis as well as physical injuries with a very bad prognosis * * *." (Am. Compl. at ¶ 7.) According to plaintiff, the head psychiatrist at the Riverhead County Jail ordered him to take the anti-psychotic drug, Abilify, 15 mg, "for severe clinical depression" and he attended an "outside rehibilitation [sic] for [his] physical injuries."[1] Plaintiff asserts claims for false arrest, malicious prosecution and unlawful imprisonment in violation of his rights under the Fourteenth Amendment to the United States Constitution and seeks to recover damages in the amount of fifty-five million dollars ($55,000,000.00). (Id. at ¶ 9.)

III. Discussion

A. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous

---

[1] Plaintiff does not identify the nature of his physical injuries in the amended complaint. However, in his original complaint, plaintiff claimed that he sustained broken fingers "from C.O. staff which took part in assaulting [him] on numerous occasions because of the nature of []his alleged crime." (Compl. at ¶ IV.A).

2

or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

"In determining immunity, [courts] accept the allegations of [the plaintiff's] complaint as true." Kalina v. Fletcher, 522 U.S. 118, 122, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997); see also Shmueli v. City of New York, 424 F.3d 231, 233 (2d Cir. 2005) ("In determining whether the [prosecutors] are entitled to absolute immunity * * *, [courts] accept the allegations of [the plaintiff's] amended complaint as true.")

B.  Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

42 U.S.C. § 1983. "Despite the broad terms of § 1983, [the Supreme] Court has long recognized that the statute was not meant to effect a radical departure from ordinary tort law and the common-law immunities applicable in tort suits." Rehberg v. Paulk, — U.S. —, 132 S. Ct. 1497, 1502, 182 L. Ed. 2d 593 (2012); see also Filarsky v. Delia, — U.S. —, 132 S. Ct. 1657, 1665, 182 L. Ed. 2d 662 (2012) ("[Courts] read § 1983 in harmony with general principles of tort immunities and defenses." (quotations and citation omitted)). Two (2) of the "functions that are absolutely immune from liability for damages under § 1983," Rehberg, — U.S. —, 132 S. Ct. at 1503, are

"actions taken by judges within the legitimate scope of judicial authority * * * [and] actions taken by prosecutors in their role as advocates." Id.

1. Claims against Judge Weber

"[J]udges generally have absolute immunity from suits for money damages for their judicial actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). Under the doctrine of absolute judicial immunity, judges are subject to suit seeking retroactive relief, including damages, only for: (1) "non-judicial actions, i.e., actions not taken in the judge's judicial capacity;" or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (internal citations omitted); see Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). "The Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature." Bliven, 579 F.3d at 210.

Absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error ... or was in excess of his authority." Mireles, 502 U.S. at 11, 112 S.Ct. 286 (quoting Stump, 435 U.S. at 356, 98 S. Ct. 1099); see also Bliven, 579 F.3d at 209 ("[E]ven allegations of bad faith or malice cannot overcome judicial immunity.")

All of plaintiff's claims against Judge Weber seek damages relating to actions taken in his judicial capacity during plaintiff's underlying criminal prosecution and the complaint is bereft of any facts from which it may reasonably be inferred that Judge Weber acted outside of his role as a judicial officer or that he was acting without jurisdiction with respect to the conduct of which

plaintiff complains, i.e., conducting a bench trial in lieu of a jury trial. Accordingly, the doctrine of absolute judicial immunity precludes plaintiff's Section 1983 claims against Judge Weber in this case and those claims are, thus, dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) for seeking monetary relief against a defendant who is immune from such relief.

2. Section 1983 Claims against D.A. Spota and ADA Varulo

D.A. Spota and ADA Varulo are also entitled to absolute immunity from all of plaintiff's claims against them. With respect to absolute immunity, the Second Circuit has held that:

> "Absolute immunity affords 'complete protection from suit,' Harlow v. Fitzgerald, 457 U.S. 800, 807, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982), because it gives 'public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their responsibilities,' Barr v. Abrams, 810 F.2d 358, 361 (2d Cir.1987), so that they will not feel 'constrained in making every decision by the consequences in terms of [their] own potential liability in a suit for damages,' Imbler v. Pachtman, 424 U.S. 409, 424-25, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). The doctrine's nature 'is such that it "accords protection from ... any judicial scrutiny of the motive for and reasonableness of official action,"' Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir.2005) (quoting Robison v. Via, 821 F.2d 913, 918 (2d Cir.1987)), even where the challenged conduct was motivated by a wrongful motive or even malice, Bernard v. County of Suffolk, 356 F.3d 495, 503 (2d Cir.2004) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985))."

In re NYSE Specialists Securities Litigation, 503 F.3d 89, 95-96 (2d Cir. 2007).

Under federal law, prosecutors enjoy absolute immunity from liability in suits seeking monetary damages for acts carried out in their prosecutorial capacities. See Imbler, 424 U.S. at 430, 96 S. Ct. 984; Giraldo v. Kessler, 694 F.3d 161, 165 (2d Cir. 2012) ("Absolute immunity bars a civil suit against a prosecutor for advocatory conduct that is 'intimately associated with the judicial phase of the criminal process.'" (quoting Imbler, 424 U.S. at 430, 96 S. Ct. 984)). Absolute

5

prosecutorial immunity applies, *inter alia*, when a prosecutor prepares to initiate and pursues a prosecution, see, e.g. Giraldo, 694 F.3d at 165; Peay v. Ajello, 470 F.3d 65, 68 (2d Cir. 2006), including when a prosecutor seeks an indictment, see, e.g. Robison, 821 F.2d at 918; or when a prosecutor engages in administrative duties that are directly connected with the conduct of a trial. See, e.g. Van de Kamp v. Goldstein, 555 U.S. 335, 129 S. Ct. 855, 861-2, 172 L. Ed. 2d 706 (2009); Warney v. Monroe County, 587 F.3d 113, 124 (2009) ("a prosecutor enjoys absolute immunity even when doing an administrative act if the act is done in the performance of an advocacy function.")

Once absolute immunity attaches, it "attaches to [the prosecutor's] function, not the manner in which he performed it. * * * Accordingly, a prosecutor's motivation, and whether preferable alternatives to the actions taken were available, are irrelevant." Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001) (internal quotations and citations omitted); see also Shmueli, 424 F.3d at 237 (holding that once the court determines that the challenged prosecution was not clearly beyond the prosecutor's jurisdiction, the prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive).

Plaintiff does not allege that the challenged actions of D.A. Spota and ADA Varulo were undertaken in the complete absence of all jurisdiction or that they were personally involved with his arrest in any way, and all of plaintiff's claims against those defendants seek damages based solely upon their initiation and advocacy of the criminal charges against him. Accordingly, D.A. Spota and ADA Varulo are entitled to absolute immunity from all of plaintiff's Section 1983 claims against them and the amended complaint is, thus, dismissed in its entirety with prejudice as against D.A. Spota and ADA Varulo pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) on the basis that it seeks monetary relief against defendants who are immune from such relief.

C.  Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although, "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Grullon v. City of New Haven, 720 F.3d 133, 139-40 (2d Cir. 2013) (accord), leave to amend is not required, *inter alia*, where a proposed amendment would be futile. See Grullon, 720 F.3d at 140; Anderson News, L.L.C. v. American Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012), cert. denied by Curtis Circulation Co. v. Anderson News, L.L.C., 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013).

Any amendment to plaintiff's amended complaint would be futile because, *inter alia*, all defendants are entitled to absolute immunity from plaintiff's Section 1983 claims against them. See, e.g. Dilacio v. New York City District Council of the United Brotherhood of Carpenters and Joiners of America, 593 F. Supp. 2d 571, 578 (S.D.N.Y. 2008) (denying leave to amend as futile because the defendant was absolutely immune from suit); Hom v. Brennan, 304 F. Supp. 2d 374, 380 (E.D.N.Y. 2004) (holding that an amendment to add a judge as a defendant would be futile because he is protected by judicial immunity). Accordingly, the amended complaint is dismissed in its entirety with prejudice.

IV. Conclusion

For the foregoing reasons, plaintiff's applications to proceed *in forma pauperis* are granted, but the amended complaint is *sua sponte* dismissed in its entirety with prejudice pursuant to 28

7

U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) on that basis that it seeks monetary relief against defendants who are immune from such relief. The Clerk of the Court is directed to close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, to serve notice of entry of this Order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.                                    s/ Sandra J. Feuerstein
                                               _____
                                               Sandra J. Feuerstein
                                               United States District Judge

Dated:     April 10, 2014
           Central Islip, New York